IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOSHUA A. KEEN, ) | |
|     Petitioner, ) | Civil Action No. 7:23cv00196 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| SOUTHWEST VIRGINIA REGIONAL ) | By: Robert S. Ballou |
| REGIONAL JAIL AUTHORITY,[1] ) | United States District Judge |
|     Respondent. ) | |

Joshua A. Keen, a Virginia inmate proceeding *pro se*, has filed a petition for a writ of habeas corpus alleging violation of his constitutional right to a speedy trial by the Tazewell County Circuit Court. Keen does not allege whether he intended to proceed under 28 U.S.C. § 2254 or 28 U.S.C. § 2241. Because § 2254 applies only to inmates in state custody pursuant to a final judgment, the court interprets his petition as a request for relief under § 2241. However, under either section, his petition must be dismissed because he has not exhausted his state remedies.

Section 2241 grants jurisdiction to federal courts to consider pre-trial habeas corpus petitions, but federal courts should abstain from the exercise of such jurisdiction if the issues raised may be resolved by the state court at trial or by other available state procedures. *Dickerson v. State of Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987). Before a petitioner is entitled to federal habeas review, he must fully exhaust his available state remedies. *Kane v. State of Virginia*, 419 F.2d 1369, 1370 (4th Cir. 1970). The exhaustion requirement applies to all cases under § 2254 (*see* 28 U.S.C. § 2254(b)) and to most pre-trial petitions under § 2241,

---

[1] The respondent in a habeas petition is the officer or agency that has custody over the petitioner. 28 U.S.C. § 2242. Keen is in the custody of the Southwest Virginia Regional Jail Authority, which shall be named as the respondent, and the Clerk shall update the docket accordingly.

including challenges based on failure to timely prosecute. *Brown v. Keohane*, 475 F. Supp. 943, 944 (E.D. Va. 1979).

In *Brown*, as in this case, the petitioner had filed several motions for dismissal with the state court, to which he had received no response. In finding that Brown had failed to exhaust his claim, the court noted that Brown could file a petition for habeas corpus with the Supreme Court of Virginia, even though he could not appeal from the Circuit Court's failure to render a decision. *Id.* Because state remedies were still available, he had not exhausted his claim. "The doctrine of exhaustion which applies in habeas actions requires that the precise claims asserted in federal court be previously litigated at all available levels of the State courts." *Id.*

Accordingly, it is hereby **ORDERED** that Keen's petition is summarily **DISMISSED WITHOUT PREJUDICE** because he has not yet exhausted his available state court remedies. Further, Keen's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **DENIED** as moot. The Clerk is directed to **STRIKE** this matter from the active docket of this court.

Further, finding that there has been no showing that reasonable jurists would disagree with the procedural decision, as required by 28 U.S.C. § 2253(c), a certificate of appealability is **DENIED**.

The Clerk is directed to mail a copy of this Opinion and Order to Mr. Keen.

Enter:  April 12, 2023

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge